### CENTRAL BUREAU OF ENGRAVING v. J. W. PRATT CO.

(Supreme Court, Appellate Term. June 30, 1908.)

1. CONTRACTS—RESCISSION—RESTORATION OF CONSIDERATION.

Where plaintiff contracted to furnish defendant a four-color reproduction of a certain subject, which defendant wanted for a customer, plaintiff was not entitled to rescind the contract on the ground that plaintiff had failed to fulfill a guaranty that the work would be first-class, where, though he returned the original plates, he retained the progressive proofs and drawings, and used them to make another set of plates.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1186.]

2. SALES—WARRANTY—BREACH—RETURN OF ARTICLE.

Where defendant, in an action for the price of an article, sets up a breach of warranty, he must show a rescission of the contract by a return, or an offer to return, the article sold and all benefits received under the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 303–312.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Central Bureau of Engraving against the J. W. Pratt Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Stephens & Baker, for appellant.

Elek John Ludvigh, for respondent.

PER CURIAM. The action is for labor and materials in the making of a four-color reproduction of a subject called "The Candy Girl,"

which defendant wanted for a customer. The defense is that it was guaranteed to be first class, but was inferior and refused by the customer, so that defendant was obliged to get the work done elsewhere. The justice found for defendant. Plaintiff appeals.

It appears that defendant returned the plates to plaintiff, but retained the progressive proofs and drawings, which were subsequently used by another engraver to make a set of plates for defendant. The latter, while retaining and using the drawing, could not rescind the contract by returning the plates only, as the contract was an entire one, and included all the work and materials done and furnished by plaintiff in the making of said reproduction of the subject known as "The Candy Girl." The rule is that, where a defendant relies upon a breach of warranty in an action for the price of an article, he must show a rescission of the contract by returning or offering to return the article and all benefits received under the contract.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., and SEABURY, J., concur.

MacLEAN, J. (concurring). In this action of the plaintiff to recover for services rendered and materials furnished of the reasonable value and for the agreed sum of $157, the agreed sum being proven and the reasonable value being testified to, without contradiction of either, the plaintiff was entitled to recover. The defendant interposed a counterclaim for $116 for damages for breach of an express warranty. While the contract herein was executory, the defendant had the right upon warranty broken to reject the goods, when tendered, as not answering the bargain, or it might receive, and accept by its retention, and rely upon its only right to damage, if any, for the breach of an express warranty (Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63), but to no more than its claim of $116. Receive and accept it did, for return of part is not rejection; but, proving no damage, it was entitled to no judgment.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.